57 F.3d 1073
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 George ESTIEN, Petitioner-Appellant,
v.
Clarence TRIGG, Superintendent, Respondent-Appellee.
 No. 94-1702.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 7, 1995.*
Decided June 8, 1995.
 
 Before POSNER, Chief Judge, and PELL and ESCHBACH, Circuit Judges.
 
 ORDER
 
 1
 George Estien, currently incarcerated at the Indiana Youth Center in Plainfield, Indiana, appeals from the district court's decision denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. We affirm.
 
 
 2
 The sole issue raised in Estien's petition is whether the person who served as judge pro tempore over the state criminal trial and as special judge at sentencing lacked authority under Indiana law to do so. Estien contends that the individual was never properly appointed and that his state conviction is therefore void. The Indiana Court of Appeals on direct review found that the issue had been waived because Estien never objected to the authority of the judge pro tempore at trial. Estien v. State of Indiana, No. 49A02-9205-CR-201 (Ind.Ct.App. June 17, 1993) (unpublished).
 
 
 3
 The federal district court correctly identified Estien's claim as raising an error of state law only. Estien does not argue that Indiana's rules for appointing a judge pro tempore or a special judge are unconstitutional; rather, he asserts that the rules were not properly followed. Violations of state law are not cognizable in a petition for a writ of habeas corpus. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Alvarez v. McGinnis, 4 F.3d 531, 536 (7th Cir.1993). The district court's decision is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed. Accordingly, the appeal is submitted on the briefs and the record